IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| ) | Civil Action No. |
| Plaintiff, ) ) | |
| v. ) ) | |
| ACCUSPEC ELECTRONIC SERVICES, INC., ) ) | COMPLAINT AND JURY DEMAND |
| Defendant. ) | |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin, Hispanic, to provide appropriate relief to Nancy Ortiz, who was adversely affected by such practices while employed by Defendant Employer, AccuSpec Electronic Services, Inc., ("Defendant"). As articulated with greater particularity in paragraph 7 below, the Equal Employment Opportunity Commission (the "Commission") alleges that during her employment, Nancy Ortiz was regularly subjected to derogatory comments and ethnic insults by Defendant's Supervisor which created a hostile work environment. Although Ms. Ortiz complained to Defendant Employer about the national origin harassment, Defendant failed to take remedial action to correct the hostile work environment.

The Commission also alleges that after Ms. Ortiz complained of discrimination, Defendant discharged her from her employment in retaliation, in violation of Title VII. As a

-1-

result of the egregious national origin harassment and her retaliatory discharge, Ms. Ortiz has suffered backpay losses and severe emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times mentioned herein, Defendant AccuSpec Electronic Services, Inc. (the "Employer"), has continuously been doing business in the State of Pennsylvania and the City of McKean, and has continuously had at least 100 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## **STATEMENT OF CLAIMS**

6.      More than thirty days prior to the institution of this lawsuit, Nancy Ortiz filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least October 2005, Defendant Employer has engaged in unlawful employment practices at its McKean, Pennsylvania facility in violation of Section 703(a)(1) and Section 704 (a) of Title VII, 42 U.S.C. Section 2000e-2(a)(1), by discriminating against Nancy Ortiz based on her national origin, and by retaliating against her for her complaints of discrimination. The unlawful employment practices include, but are not limited to, the following:

(a) Nancy Ortiz began working for Defendant on or about October 3, 2005, as a Receiver in the Stock Room. She held this position for the duration of her employment with Defendant. Ms. Ortiz had satisfactory performance at all relevant times.

(b)     Beginning in at least October 2005, Defendant Employer subjected Ms. Ortiz to offensive derogatory comments about her national origin when Defendant's Supervisor of Shipping, Receiving and Stock Room, Jean Showman, frequently called her a "wetback", a "spic," and made comments such as "Mexican, Cuban, Puerto Rican - it's all the same," and "we speak English here." Showman also made the comment, "I don't do paperwork, that's what we hired the Mexican for", referring to Ms. Ortiz, who is actually Puerto Rican.

(c) Although Ms. Ortiz complained to Showman repeatedly and to Plant Manager George Ballard in December 2005, about the constant name-calling and derogatory remarks, the offensive language by Showman continued.

-3-

(d) Dave Lucas, another supervisor employed by Defendant, also made offensive comments to Ms. Ortiz, such as "this is how we do it in America," referring to how Ms. Ortiz parked her car.

(e) In or around May 2006, two co-workers mimicked Ms. Ortiz's Puerto Rican accent over Defendant's loudspeaker system. Afterward, Dave Lucas told Ms. Ortiz not to make a "big deal" out of the incident or he would "write her up" for insubordination.

(f) On or about May 18, 2006, Ms. Ortiz complained to Jodi Lipnichan, Director of Quality Control and Engineering, about her co-workers mimicking her Puerto Rican accent and Lucas instructing her not to "make a big deal" about it or he would write her up for insubordination. Lipnichan informed Plant Manager George Ballard, and Ballard called Ms. Ortiz to a meeting. During that meeting, she again complained of the continuing harassment, and expressed her frustration that Defendant had failed to take any remedial action.

(g) On May 18, 2006, during a meeting where Ms. Ortiz was again complaining of national origin harassment to Defendant's Managers, Defendant's Plant Manager Ballard suddenly and without warning, terminated her employment.

(h) Upon information and belief, Defendant's decision to terminate Ms. Ortiz was made in retaliation for her engaging in protected activity under Title VII.

8. The effect of the practices complained of in paragraph 7(a)-(h) above has been to deprive Nancy Ortiz of equal employment opportunities and otherwise affect adversely her status as an employee because of her national origin, and as an employee who engages in protected activity under Title VII.

9. The unlawful employment practices complained of in paragraph 7 (a)-(h) above were intentional.

10. The unlawful employment practices complained of in paragraph 7 (a)-(h) above were done with malice or with reckless indifference to the federally protected rights of Nancy Ortiz.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from harassing employees on the basis of their national origin, and from engaging in any other employment practice which discriminates on the basis of national origin or retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals of all national origins and which eradicate the effects of its past and present unlawful employment practices, and for those who complain of discrimination.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all national origins, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to institute and carry out anti-discrimination, sexual harassment, and anti-retaliation policies and complaint procedures.

E. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

F. Order Defendant Employer to make whole Nancy Ortiz by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 (a)-(h) above, in amounts to be determined at trial.

G. Order Defendant Employer to make whole Nancy Ortiz by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 (a)-(h) above including emotional pain, suffering, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

H. Order Defendant Employer to pay Nancy Ortiz punitive damages for its malicious and reckless conduct described in paragraph 7 (a)-(h) above in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, D.C.

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

LISA H. HERNANDEZ
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Pittsburgh Area Office
Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-2695 (telephone)
(412) 644-2664 (facsimile)
LISA.HERNANDEZ@EEOC.GOV
PA ID # 87634